FILED
U.S. DISTRICT COURT
NEW ALBANY DIVISION
12 JUL 23 PM 12: 06
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| AWOK ANI-DENG, | ) |
| Plaintiff, | ) 4:12-cv-084 SEB-TAB |
| vs. | ) Cause No. |
| JEFFBOAT LLC | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Plaintiff, Awok Ani-Deng, by counsel, and for her Complaint and Demand for Trial by Jury, state as follows:

### I. INTRODUCTION

This is an action brought by Plaintiff against Jeffboat LLC ("Defendant"). Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sec. 2000 *et seq*, 42 U.S.C. 1981 and the Equal Pay Act when it reprimanded the Plaintiff, demoted her, reduced her pay and ultimately terminated Plaintiff's employment. Defendant violated Title VII when it took retaliatory measures against Plaintiff for complaining to supervisors and union representatives about disparate treatment based upon her National Origin and/or gender. Defendant violated Title VII when it took retaliatory measures against her for making complaints to the Equal Employment Opportunity Commission (EEOC). The Defendant and unknown individuals in the employ of Defendant did violate Plaintiffs rights to make and enforce contracts under 42 U.S.C. 1981 and Title VII

when they failed and refused to contract for her return to work following a "lay off." The named Defendant and unknown individuals in the employ of Defendant violated Title VII when it took retaliatory measures against Plaintiff for complaining about the more favorable treatment given to Defendant's employees who were not female, not a person of color, and/or not of her national origin.

## II. PARTIES

1. At all times relevant to this litigation, Plaintiffs employment was within the geographical boundaries of the Southern District of Indiana while Plaintiff Resides in the Western District of Kentucky.

2. At all times relevant to this litigation, Defendant is an Indiana corporation (LLC) which maintained offices and conducted business within the geographical boundaries of the Southern District of Indiana.

## III. JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by 42 U.S.C. Sec. 2000e-5, 28 U.S.C. Sec. 1331, and 28 U.S.C. Sec. 1343.

4. Plaintiff is an "employee" as that term is defined by 42 U.S.C. Sec. 2000e(f).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. Sec. 2000e(b).

6. Plaintiff satisfied her obligation to exhaust her administrative remedies by having timely filed U.S. Equal Employment Opportunity Commission Charge No. 474-2011-01041. **[Attached as Exhibit A]** Plaintiff received her Dismissal and Notice of Rights on April 26, 2012 **[Attached as Exhibit B]** and timely files this action.

7. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana, and the

Defendants are located therein. Therefore, venue is proper in this Court pursuant to 42 U.S.C. 2000e-5(f)(3) and under 28 U.S.C. Sec. 1391.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff is a female of color. Her Nation of Origin is Sudan. She was originally hired by Defendant as a welder in January of 2006.

9. At all times relevant, Plaintiff met or exceeded Defendant's legitimate performance expectations.

10. Defendant would subject Plaintiff to different standards for work performance than other similarly-situated employees.

11. Defendant would discipline Plaintiff for alleged conduct which other similarly situated employees were not disciplined for engaging in the same conduct.

12. Plaintiff brought the unequal treatment to the attention of Defendant's management; however, such unequal treatment continued.

13. On or about February 18, 2011, Plaintiff filed a Charge of Discrimination with the EEOC alleging discrimination based upon National Origin. **[Attached as Exhibit C]** Thereafter, Plaintiff was given a Notice of Rights. She did not sue.

14. Defendant's unequal treatment of Plaintiff continued and intensified. Defendants supervisory employees issued written reprimands to Plaintiff for alleged workplace violations for conduct that her co-workers were permitted to undertake.

15. Plaintiff's working conditions were changed in a way that subjected her to humiliating, degrading, unsafe working conditions and otherwise negatively altered her workplace environment so as to harass, oppress, and harm her.

16. Plaintiff was then demoted for allegedly being injured too frequently under the conditions created by Defendant.

17. Plaintiff was subsequently laid off from work in August 2011 with said lay-off to take effect October 19, 2011. Plaintiff had recall rights under the Collective Bargaining Agreement with Defendant.

18. Plaintiff asserted her recall rights in January, 2011 in accordance with the terms of the contract and was entitled to be recalled. Defendant, through unknown individual employees, refused.

## V. LEGAL CLAIMS

**COUNT 1:** *Disparate Treatment under Title VII*

19. Plaintiff hereby incorporates the foregoing paragraphs one (1) through sixteen (18) of her Complaint and, in addition, alleges and states that Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq.*, as amended.

20. Defendant intentionally discriminated against Plaintiff by treating similarly situated employees who were not female, persons of color, or of Sudanese origin more favorably.

21. Defendant's actions were intentional, malicious, and done with reckless disregard to Plaintiff's federally protected rights to be free from discrimination on the basis of race, sex, and National Origin.

22. Plaintiff has suffered, and will continue to suffer, harm as a result of Defendant's unlawful actions.

**COUNT 2:** *Unlawful Retaliation under Title VII*

23. Plaintiff hereby incorporates paragraphs one (1) through (22) of her Complaint and, in addition, alleges and states that Defendant retaliated against her for

complaining about discriminatory treatment, which is also a violation of Title VII.

24. Plaintiff voiced opposition to Defendant's practices and conduct which she reasonably believed to be discriminatory on the basis of race, gender, and National Origin. Plaintiff's complaints of discrimination constitute conduct protected under Title VII.

25. As a result of voicing such opposition, Defendant willfully and intentionally, with malice and/or reckless disregard of Plaintiffs' rights, retaliated against Plaintiff.

26. Plaintiff has suffered, and will continue to suffer, harm as a result of Defendant's unlawful actions.

**COUNT 3** *Violations of Right to Make and Enforce Contracts under 42 U.S.C. 1981*

27. Plaintiff hereby incorporates paragraphs one (1) through (26) of her Complaint and, in addition, alleges and states that Defendant, through unknown individual employees, violated the terms of 42 U.S.C. 1981 by prohibiting and preventing the Plaintiff from making and enforcing a contract for employment. Specifically, the Defendant and its individual employees prevented Plaintiffs employment through "recall" from a layoff where employees that were not of protected classes were afforded "recall" to employment.

**COUNT 4** *Violations of Equal Pay Act*

28. Plaintiff hereby incorporates paragraphs one (1) through (27) of her Complaint and, in addition, alleges and states that Defendant violated the Equal Pay Act by paying her as a "Welder 3rd Class" rather than a "Welder 1st Class" based upon her gender.

## COUNT 5 *Intentional Infliction of Emotional Distress*

29. Plaintiff hereby incorporates paragraphs one (1) through (27) of her Complaint and, in addition, alleges and states that the Defendant engaged in extreme and outrageous conduct that intentionally or recklessly caused severe emotional distress to the Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court find in her favor and order the following relief:

A. Order that Plaintiff be awarded damages sufficient to compensate her for all lost wages and benefits;

B. Order compensatory damages at the statutory maximum for substantive claims under Title VII;

C. Order that Plaintiff be awarded her attorney fees and costs;

D. Order that Plaintiff be awarded pre- and post-judgment interest; and

E. Order all other monetary and/or equitable relief that the Court deems just and proper in the premises.

F. Order that Plaintiff be reinstated to her employment.

**DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed so triable.

By: /s/ Matthew R. Lemme
Matthew R. Lemme 22447-10
530 E. Court Avenue
Jeffersonville. IN 47130
Attorney for the Plaintiff