UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

AWOK  ANI-DENG,                        )
                                                   )
                          Plaintiff,        )
                                                   )
            vs.                                 )
                                                   )      No. 4:12-cv-00084-SEB-TAB
JEFFBOAT LLC,                            )
                                                   )
                          Defendant.     )

## ENTRY GRANTING IN PART AND DENYING IN PART
## MOTION FOR JUDGMENT ON THE PLEADINGS

This cause is before the Court on Defendant's Motion for Judgment on the Pleadings (ECF No. 18), filed on October 17, 2012, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff Awok Ani-Deng brings this claim against her former employer, Defendant Jeffboat LLC, alleging discrimination based on her national origin, race, and sex, in violation of Title VII of the Civil Rights Act; retaliation in violation of Title VII; violation of the 42 U.S.C. §1981 right to enforce contracts; violation of 29 U.S.C. §206 (the Equal Pay Act); and the intentional infliction of emotion distress. Jeffboat moves for judgment on the pleadings as to all claims in the complaint.

The Court denies Jeffboat's motion in part, and grants it in part.

## Factual Background

Ani-Deng, a Sudanese woman, began work as a welder for Jeffboat in January 2006. On February 18, 2011, she filed a Charge of Discrimination with

the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on her national origin and gender. This charge stated that her supervisor, Eric Stidham, treated and disciplined plaintiff more severely than he did her American male counterparts, and that Jeffboat failed to address the unequal treatment after Ani-Deng raised the issue with Rick Schulthless of the Human Resources department. When the EEOC issued its a Notice of Rights, Ani-Deng did not sue within the 90-day period required by 42 U.S.C. §2000e-5(f)(1).

Ani-Deng alleges that her treatment in the workplace continued to be more prejudicial than that meted out to her peers. Jeffboat supervisor Jason Kirby allegedly reprimanded Ani-Deng for workplace infractions, despite failing to reprimand other employees for similar infractions. On June 28, 2011, Ani-Deng was demoted from Welder 1st Class to Welder 3rd Class, which demotion Jeffboat justified on the ground that Ani-Deng incurred injuries on too frequently a basis.

In August 2011, Ani-Deng was laid off from her job with Jeffboat. She filed a second charge with the EEOC shortly thereafter, on August 15, 2011, alleging that her layoff was in retaliation for having filed the initial EEOC charge. Ani-Deng claims that she asserted her recall rights in January 2012[1] under the Collective Bargaining Agreement ("CBA") governing the parties' employment relationship. She received her Notice of Rights from the EEOC on April 26, 2012,

---

[1] Plaintiff said 2011, though she clearly meant 2012. Compl. ¶18.

and filed suit 88 days later. Jeffboat's motion for judgment on the pleadings addresses these events and allegations.

## Discussion

## I.      Standard of Review for Judgment on the Pleadings

Defendant's motion under Federal Rule of Civil Procedure 12(c) seeks judgment on the pleadings for the Complaint's failure to state a claim upon which relief can be granted. The standard of review for a motion for judgment on the pleadings is identical to that applicable to a motion filed pursuant to Rule 12(b)(6). United States v. Wood, 925 F.2d 1580, 1581 (7th Cir.1991). Therefore, once a claim has been adequately stated, it may be supported by any set of facts consistent with the allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 540, 561-62 (2007) (quoting Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir.1994)). Dismissal is warranted if the factual allegations, viewed in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief. Twombly, 550 U.S. at 561-62. However, as the Seventh Circuit has recognized, "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above a speculative level.'" E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 777 (2007) (quoting Twombly, 550 U.S. at 561-62).

When determining whether judgment on the pleadings is proper, a court "may not look beyond the pleadings," Wood, 925 F.2d at 1581, but "must treat all

well-pleaded allegations asserted in the complaint as true, construe the allegations liberally, and draw all reasonable inferences in the light most favorable to the plaintiff." Jackson v. Arvinmeritor, Inc., 2008 WL 64528, at *1 (S.D.Ind. Jan. 3, 2008) (Hamilton, J.).

## II.   Discussion

### A.   Title VII Discrimination

Jeffboat asserts that Ani-Deng's Title VII discrimination claim in her first EEOC charge must be dismissed as time-barred. The parties both acknowledge that Ani-Deng did not file her complaint within 90 days following her receipt of the notice of rights issued by the EEOC relative to that charge. Compl. ¶13. Ani-Deng rejoins that by mentioning her first charge as the impetus for the retaliation she alleged in her second EEOC charge *incorporated* the first charge, rendering her discrimination claim still timely. Ani-Deng cites no case law to support this assertion—that a reference to a prior charge in a timely, subsequent filing necessarily implies incorporation of the prior EEOC charge in the second charge.

 "[A] claim in a civil action need not be a replica of a claim described in the charge, but there must be 'a reasonable relationship between the allegations in the charge and the claims in the complaint,' and it must appear that 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" Vela v. Village of Sauk Village, 218 F.3d 661, 664 (7th Cir.2000) (quoting Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir.1994) (reiterating the two-prong test adopted in Jenkins v. Blue

Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 169 (1976))). For a claim to be deemed reasonably related to a charge, "the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals.*" Cheek, 31 F.3d at 501. Ani-Deng's complaint relies on an expired charge, so we apply the Jenkins test to the EEOC charges to determine whether her second EEOC charge encompassed the first.

"Normally, retaliation and discrimination charges are not considered 'like or reasonably related' to one another." Swearnigen–El v. Cook County Sheriff's Dep't, 602 F.3d 852, 865 (7th Cir.2010). A careful review discloses that Ani-Deng's charges fail to explicitly connect the alleged actions by Jeffboat or the motivations behind these two actions. In her first charge, Ani-Deng alleged that she was denied an interpreter when she sought to complain about disparate treatment, attributing this denial to discrimination. Her second charge focused on written reprimands, her demotion, and her layoff; all were attributed to retaliation for her first charge. Ex. C - 2/18/2011 Discrim. Charge, ECF No. 1-3. The first charge did not name the Jeffboat employees mentioned in the second charge, nor describe any of the same incidents. Ex. A - Charge No. 474-2011-01041 at 2, ECF No. 1-1.

A single sentence serves as Ani-Deng's proffered connection between the complaints: "On 2/18/11 I filed a charge alleging employment discrimination with the Equal Employment Opportunity Commission." Id. But mere mention of a prior charge cannot incorporate an entire document. See, e.g., Sitar v. Indiana

5

Dep't of Transp., 344 F.3d 720, 726 (7th Cir. 2003) (denying reasonable relation when plaintiff failed to draw connections between charges). Twombly requires plaintiffs to put the EEOC and defendants on notice of plausible claims. 550 U.S. at 555. See, e.g., Rush v. McDonald's Corp., 966 F.2d 1104, 1111-12 (7th Cir. 1992). A charge of retaliation does not automatically educe connections to discrimination. In our view, Ani-Deng's second charge does not reasonably relate to her first EEOC charge.

Because Count 1 was filed after the statute of limitations and does not reasonably relate to the second EEOC charge, we GRANT Defendant's Motion for Judgment on the Pleadings as to Count 1 of Plaintiff's Complaint. Count 1 is thus dismissed with prejudice.

### B.    Title VII Retaliation

#### 1.    Adverse Employment Alleged

Jeffboat asserts that Ani-Deng's retaliation claim must also be dismissed for failure to adequately allege that she suffered an adverse employment action, the second element of a retaliation claim. See, e.g., Harrison v. Larue D. Carter Mem'l Hosp., 882 F. Supp. 128, 132 (S.D. Ind. 1994) aff'd, 61 F.3d 905 (7th Cir. 1995). However, the complaint clearly alleges that Ani-Deng was disciplined harshly, received written reprimands, demoted, laid off, and denied her recall rights in retaliation for her first EEOC charge. These allegations suffice. While Ani-Deng did not explicitly label these actions as adverse employment actions,

they clearly put the Defendant on notice of the nature of her claim and thus satisfy the <u>Twombly</u> notice pleading standard.

### 2.   Effect of the CBA

Jeffboat alternatively posits that the CBA precludes Ani-Deng's Title VII retaliation claim. Ani-Deng rejoins that the CBA should not be considered, at least in conjunction with a motion for judgment on the pleadings, since she did not attach a copy to her complaint. Neither assertion is correct.

Judgment on the pleadings, intuitively, restricts its focus to the pleadings. Nonetheless, contrary to Ani-Deng's suggestion, introduction of documents after the initial pleading stage does not automatically implicate Fed.R.Civ.P. 12(d) and transform a motion for judgment on the pleadings into a motion for summary judgment, contrary to Ani-Deng's suggestion. Pl.'s Resp. at 3, ECF No. 25. When documents are "referred to in the plaintiff's complaint and are central to [her] claim," the documents are considered *part of* the pleadings. <u>Menominee Indian Tribe of Wisconsin v. Thompson</u>, 161 F.3d 449, 456 (7th Cir. 1998). Documents incorporated by reference in the pleading must constitute a "core of the parties' contractual relationship," and serve as the basis of the plaintiff's rights in the complaint. <u>Venture Associates Corp. v. Zenith Data Sys. Corp.</u>, 987 F.2d 429, 432 (7th Cir. 1993).

Ani-Deng referenced the CBA in her complaint, and Jeffboat submitted excerpts of that agreement into the record. <u>See</u> Compl. ¶ 17, ECF No. 1; Def.'s Mem. Supp. J. Pleadings, Ex. B, ECF No. 19-2. The CBA is the source of Ani-

Deng's recall rights and provides the basis for her legal relationship with Jeffboat. <u>See</u> Compl. ¶ 17-18. Accordingly, the portions of the CBA in the record are considered part of the pleadings for purposes of a 12(c) motion to dismiss.

However, contrary to Jeffboat's assertions, invoking the CBA does not effect a waiver of Ani-Deng's right to proceed in a federal judicial forum to vindicate her statutory antidiscrimination claims. Unions waiving an employee's federal judicial forum rights for statutory antidiscrimination claims must construct "clear and unmistakable" agreements. <u>Wright v. Universal Mar. Serv. Corp.</u>, 525 U.S. 70, 80 (1998) (quoting Metropolitan Edison Co. V. N.L.R.B. 460 U.S. 693, 708 (1983)). General union waivers do not suffice to bind individuals to mandatory arbitration. <u>Wright</u>, 525 U.S. at 80 (requiring arbitration for "[m]atters under dispute," without incorporation of statutory antidiscrimination requirements, was impermissibly vague). Access to a federal judicial forum is sufficiently important to require *at least* an explicit union waiver. <u>Id.</u>

Similarly to the contract at issue in <u>Wright</u>, this CBA's arbitration clause here is general in scope: "Grievances are defined as any differences which arise between the Company, its employees, or the Union as to any violation of the terms of this Agreement or as to its interpretation or application." Ex. B - CBA Provisions at 5, ECF No. 19-2. This is not the sort of explicit waiver required to

8

preclude a Title VII claim.[2] Ani-Deng's retaliation claim belongs before the Court and thus will not be dismissed.

### 3.    Recall Rights within Second EEOC Claim

Ani-Deng's complaint alleges that Jeffboat denied her recall rights in retaliation for her filing of her first EEOC claim. Ani-Deng filed both her first and second EEOC claims before any alleged denial of recall rights, so neither charge mentions a denial of her recall rights. Accordingly, Jeffboat asserts that the scope of Ani-Deng's Title VII retaliation claim should exclude claims based on a denial of her recall rights.

We disagree. As noted above, for a Title VII claim to properly relate to and incorporate an EEOC charge, "there must be 'a reasonable relationship between the allegations in the charge and the claims in the complaint,' and it must appear that 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" Vela, 218 F.3d at 664 (citations omitted).

Here, Ani-Deng laid out a pattern of actions by Jeffboat each allegedly motivated by retaliation for her EEOC filing. This satisfies both prongs of the Vela test. Denial of the right of recall is reasonably related to Ani-Deng's layoff and can fairly be viewed as part of a pattern of retaliatory adverse employment

---

[2] Theoretically, another portion of the CBA could address procedures for antidiscrimination claims. Such a provision, assuming it exists, has not been brought to our attention, and the issue of whether or not a CBA *could* constitute a waiver of employee rights to seek recourse in a federal judicial forum has not, to our knowledge, been explicitly ruled upon. See Wright 525 U.S. at 70.

actions. The denied rights of recall could conceivably be an outgrowth of the investigation of the allegations in Ani-Deng's allegations in her second EEOC charge.

Accordingly, Jeffboat's motion for judgment on Ani-Deng's retaliation claim is DENIED.

### C.   §1981

Ani-Deng alleged that Jeffboat refused to honor her recall rights under the CBA, in violation of 42 U.S.C. §1981. In its reply[3], Jeffboat asserts that Ani-Deng neglected to allege that she was party to a specific contract. Def.'s Reply Supp. J. Pleadings at 7, ECF No. 32. This contention by Jeffboat is entirely baseless, as Ani-Deng clearly referenced the CBA in her complaint. Compl at ¶17. Jeffboat admits in its Answer that Ani-Deng possessed recall rights under the CBA. Answer at ¶ 13. Ani-Deng has also identified "an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights" in asserting that Jeffboat breached this contract. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006). At this stage, we cannot conclude that no version of the facts could ever support Ani-Deng §1981 claim. Accordingly, Jeffboat's motion relating to Ani-Deng's Claim 3 is DENIED.

---

[3] Jeffboat initially argued against applying 42 U.S.C. §1981 to this case, based on Artis v. Hitachi Zosen Clearing, Inc. See Def.'s Mem. Supp. J. Pleadings at 6-7, ECF No. 19. As Ani-Deng notes, however, Congress revised the statute in 1991 to include contractual rights in the employment context, a change that did not retroactively apply so as to affect the contract in Artis. See, e.g., Pl.'s Resp. at 4-5, ECF No. 25. Jeffboat concedes the accuracy of this bit of legal history and has abandoned the Artis argument in its reply. Thus the Court will address it no further.

### D. Equal Pay Act Claim

The Equal Pay Act ("EPA") requires three elements required to make out a *prima facie* case: "No employer . . . shall discriminate . . . between employees on the basis of sex (1) by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which (2) requires equal skill, effort, and responsibility, and which (3) are performed under similar working conditions . . . ." 29 U.S.C. § 206(d)(1) (numbering added). See also Dey v. Colt Constr. and Dev. Co., 28 F.3d 1446, 1461 (7th Cir. 1994) (delineating the three elements for a *prima facie* case).

In her complaint, Ani-Deng claims that Jeffboat *paid* her as a Welder 3rd Class rather than a Welder 1st Class because she was a woman. Compl. ¶28. Jeffboat claims Ani-Deng was *reassigned* (for her own safety due to frequent injuries) to the Welder 3rd Class position. Answer at ¶12. This conflict continues in the briefing of this issue [4]  Jeffboat thus contests the second element (equal pay for jobs requiring equal skill, effort, and responsibility) of Ani-Deng's claim.

---

[4] Jeffboat references material not in the record and states that the job descriptions for 1st and 3rd Class Welders are "notably different." Def.'s Reply at 8, ECF No. 32. Ani-Deng asserts that "Jeffboat merely renamed Plaintiff's identical job duties," and that her Third Class Welder position required the same responsibility and skill as her former First Class Welder position. Pl.'s Resp. at 5, ECF No. 25. Hence, the parties clearly disagree on the nature of the work performed by Third Class Welders. Since, at this stage, all inferences are drawn in favor of the Plaintiff, we credit her view. See, e.g., Patinkin v. City of Bloomington, Ind., No. 1:07-CV-482-SEB-JMS, 2008 WL 817267 at *3 (S.D. Ind. Mar. 21, 2008).

Though not entirely clear from the wording in her complaint,[5] Ani-Deng appears to have alleged that she was paid as a Welder 3rd Class, when she should have been paid as a Welder 1st Class. Determining the exact nature of and reasons for plaintiff's demotion requires further factual development, which cannot be accomplished under the aegis of a motion for judgment on the pleadings. Jeffboat's motion for judgment on Ani-Deng's EPA claim is thus DENIED.

### E. Intentional Infliction of Emotional Distress

Finally, Ani-Deng has alleged a state law claim for intentional infliction of emotional distress. Jeffboat contends that this claim arises under the CBA, rather than as a matter for litigation in federal court, and is thus preempted.

"The LMRA [Labor Management Relations Act] displaces a state-law claim if resolution of the claim 'requires the interpretation of a collective-bargaining agreement. Filippo v. N. Indiana Pub. Serv. Corp., Inc., 141 F.3d 744, 750 (7th Cir. 1998) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988)). If a federal court's analysis must delve into a collective bargaining agreement to determine the outcome of the case, then it is preempted by §301 of the LMRA and should be dismissed.

We cannot determine what is extreme and outrageous conduct on the part of Jeffboat without first knowing what is ordinary conduct under these

---

[5] Compl. ¶16 says that "Plaintiff was demoted . . . ." This phrase could suggest a demotion of skill or responsibility *or* a dock in pay or rank.

circumstances. Whether and to what degree Jeffboat employees may have (or may not have) deviated from ordinary procedure in dealing with Ani-Deng's employment rights, the Court must delve into the controlling provisions of the CBA.

This is not unfamiliar territory for the Court. Courts routinely hold that deciding what constitutes extreme and outrageous conduct is determined in light of the parameters of a CBA, and thus routinely dismiss intentional infliction of emotional distress claims in this context. See, e.g., Dixon v. Borgwarner Diversified Transmission Products, Inc., 1:03-CV-00945-SEB-VS, 2004 WL 801270 (S.D. Ind. Mar. 29, 2004) (dismissing an intentional infliction of emotional distress claim that would require determination of contractual rights).

We hold that, because a determination of Ani-Deng's intentional infliction of emotional distress claim would require an interpretation of the CBA, Jeffboat's motion to dismiss must be GRANTED on this final claim. Ani-Deng's intentional infliction of emotional distress claim is thus dismissed with prejudice.

## III.   Conclusion

For these reasons, we DENY in part, and GRANT in part Defendant's motion for judgment on the pleadings. Count 1, Plaintiff's Title VII claim based on her first EEOC complaint is dismissed with prejudice, and Count 5, her intentional infliction of emotional distress claim is also dismissed with prejudice. All of Plaintiff's remaining claims, brought pursuant to Title VII retaliation, §1981, and the Equal Pay Act, may proceed.

**IT IS SO ORDERED.**

**Date:** _06/19/2013_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

**Matthew R Lemme**
**attorney@indiana.usa.com**

**Charles H. Stopher**
**BOEHL STOPHER & GRAVES, LLP**
**cstopher@bsg-law.com**

**Edward H. Stopher**
**BOEHL STOPHER & GRAVES, LLP**
**estopher@bsg-law.com**

**James L. Fischer, Jr.**
**BOEHL STOPHER & GRAVES, LLP - New Albany**
**jfischer@bsg-in.com**

**Dustin Tyrone White**
**WHITE LAW PRACTICE**
**wlawpractice@aol.com**